UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-24995

JOSE LEONARDO PONCE ORRALA,

    Plaintiff,

vs.

BIG PINK, INC.,

    Defendant.
_____/

# **COMPLAINT**

Plaintiff, Jose Leonardo Ponce Orrala, sues Defendant, Big Pink, Inc., as follows:

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Jose Leonardo Ponce Orrala**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    Mr. Ponce Orrala consents to participate in this lawsuit.

3.    Mr. Ponce Orrala was an employee of the Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

4.    **Defendant, Big Pink, Inc.**, is *sui juris* Florida corporation that has operated its restaurant business here, in Miami Beach, Miami-Dade County, Florida, at all times material.

5.    Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

6.    Venue is proper in this Court pursuant because Defendant transacts business in Miami-Dade County, maintain its restaurant and principal place of business in Miami-Dade

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

County, and also because Defendant employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

7. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 26 U.S.C. §201, *et seq*.

### *Background Facts*

8. Defendant regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

9. Defendant has been, at all times material, an enterprise engaged in interstate commerce in the course of its marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, beverages, beers, alcoholic beverages, and products that have moved through interstate commerce.

10. Defendant also cooked, prepared, and stored perishables and beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

11. Furthermore, Defendant obtains, exchanges, and sends/receives funds to and from outside of the State of Florida, regularly and routinely uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

12. Defendant also advertises / markets its restaurant on the internet at https://mylesrestaurantgroup.com/big-pink/, which domain name it purchased from GoDaddy.com, a foreign corporation.

13. Defendant's annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendant.

15. Plaintiff worked for Defendant from approximately October 1, 1999 to November 15, 2019.

16. Plaintiff worked approximately 45 hours per week for Defendant as a non-exempt hourly employee, in particular as a line cook.

17. Plaintiff's work for Defendant was actually in or so closely related to the movement of commerce while he worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendant in the course of his handling and preparing food, produce, spices, oils, rice, poultry, seafood, and beverages that have traveled through interstate commerce while also utilizing ovens, cooking utensils, cooking supplies, knives, equipment, and goods, materials, and supplies that also traveled through interstate commerce.

18. Mr. Ponce Orrala was a non-exempt employee of Defendant.

19. Mr. Ponce Orrala did <u>not</u> have as his primary in any of the following activities:

   a. Managing others;

   b. Ordering; or

   c. Managing the kitchen or any part thereof.

20. Mr. Ponce Orrala did <u>not</u> regularly or routinely direct the work of two or more other employees.

21. Mr. Ponce Orrala did <u>not</u> have the authority to engage in any of the following activities

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

      a.      Hiring others;

      b.      Firing others

      c.      Recommending that others be hired;

      d.      Recommending that others be fired;

      e.      Disciplining others; or

      f.      Recommending that others be disciplined.

22. Defendant paid Plaintiff a bi-weekly salary, but failed and refused to pay Plaintiff at the rate of time and one-half of his regular rate of pay for all hours worked over 40 hours in a workweek.

### *Liability*

23. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of the applicable hourly rate for all hours worked over 40 hours in a given workweek.

24. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours he worked during the relevant time period.

25. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Federal Wage Laws of the United States, it intentionally misled Plaintiff to believe that Defendant was not required to pay overtime, and/or Defendant concocted a scheme pursuant to which it deprived Plaintiff the overtime pay earned.

26. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

27. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

28. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Jose Leonardo Ponce Orrala, demands the entry of a judgment in his favor and against Defendant, Big Pink, Inc., after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jose Leonardo Ponce Orrala, demands a trial by jury of all issues so triable.

Dated this 4th day of December 2019.

                                              Respectfully Submitted,

                                              Brian H. Pollock, Esq.
                                              Brian H. Pollock, Esq. (174742)
                                              brian@fairlawattorney.com
                                              FAIRLAW FIRM
                                              7300 North Kendall Drive
                                              Suite 450
                                              Miami, FL 33156
                                              Tel:    305.230.4884
                                              *Counsel for Plaintiff*